**Sophia MOSLEY, Appellant,**

v.

**DALLAS COUNTY CHILD PROTEC-
TIVE SERVICES UNIT OF THE
TEXAS DEPARTMENT OF PRO-
TECTIVE AND REGULATORY SER-
VICES, Appellee.**

No. 05–02–01980–CV.

Court of Appeals of Texas,
Dallas.

July 1, 2003.

Rehearing Overruled Aug. 12, 2003.

Wade Caven Crosnoe, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, for appellant.

Nina B. Eldridge, Cedar Hill, Lori L. Ordiway, Cheryl D. Holder, Assistant District Attorneys, Dallas, for appellee.

Before Justices WHITTINGTON, RICHTER, and MALONEY.[1]

## OPINION

Opinion by Justice WHITTINGTON.

On August 21, 2001, Sophia Mosley's parental rights in five minor children were terminated. The trial court's decree of that date terminated Mosley's parental rights based upon the judge's findings that Mosley executed unrevoked or irrevocable affidavits of relinquishment of her parental rights, and termination of the parent-child relationship was in the children's best interest. Mosley later brought this bill of review proceeding challenging the decree.

■■■■ A bill of review is an equitable proceeding by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). "The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point." *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by bill of review. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex.1999) (per curiam). Generally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal

---

1. The Honorable Frances J. Maloney, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

remedies against a former judgment and, through no fault of her own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party, *Wembley Inv. Co.*, 11 S.W.3d at 927, or by a "mistake or error of the court or a functionary thereof in the discharge of official duties." *Baker*, 582 S.W.2d at 407.

■ A bill of review complainant must file a petition which alleges "factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence." *Baker*, 582 S.W.2d at 408. The complainant must further allege with particularity sworn facts sufficient to constitute a defense and, as a pretrial matter, present prima facie proof to support the contention. *Baker*, 582 S.W.2d at 408.

■ A prima facie meritorious defense "is made out when it is determined that the complainant's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered." *Baker*, 582 S.W.2d at 408–09. This is a question of law for the court. *Baker*, 582 S.W.2d at 409. The trial judge may receive evidence from both parties, but only on the issue whether the defense is barred as a matter of law: "factual questions arising out of factual disputes are resolved in favor of the complainant for the purposes of this pretrial, legal determination." *Baker*, 582 S.W.2d at 409. If the trial judge determines a prima facie meritorious defense has not been made out, the proceeding terminates and the trial judge shall dismiss the case. *Baker*, 582 S.W.2d at 409. If a prima facie meritorious defense has been shown, the court will conduct a trial to determine the merits of the bill of review. *Baker*, 582 S.W.2d at 409. Because the inquiry whether a bill of re-view complainant has presented prima facie proof of a meritorious defense is a question of law, we review the trial judge's decision on this issue *de novo. See Jones v. Texas Dept. of Protective and Regulatory Servs.*, 85 S.W.3d 483, 490 (Tex.App.-Austin 2002, pet. filed).

In three issues, Mosley asserts the trial judge erred in dismissing her bill of review. First, she complains the trial judge erred in dismissing her case for failure to state a claim. Second, she complains the trial judge dismissed her case without giving her the opportunity to replead. Third, she asserts the judge improperly held an evidentiary hearing on appellee's motion to dismiss her bill of review. We affirm the trial court's judgment.

### Nature of the Proceeding

■ Mosley's issues are premised on her contention that appellee's motion to dismiss was merely a restatement of its special exceptions which were denied by the trial judge before the motion to dismiss was filed. Because the trial judge was merely deciding an attack on the sufficiency of the pleadings, Mosley argues, no evidentiary hearing should have been held, and Mosley should have been given the opportunity to replead. Appellee's motion, however, requested dismissal of the bill of review and challenged the substance of the bill of review on the elements set forth in *Baker*.

Before the motion to dismiss was filed, appellee's special exceptions had been heard and denied. The trial judge, by denying the special exceptions, determined Mosley's allegations were sufficiently pleaded. *See* Tex.R. Civ. P. 91 (special exception shall point out "the defect . . . or other insufficiency in the allegations in the pleading excepted to"). No party challenges this determination on appeal.

■ The pending motion before the trial judge was appellee's motion to dismiss Mosley's bill of review. The issue was whether Mosley had presented a prima facie meritorious defense. *See Baker*, 582 S.W.2d at 409. The trial judge may hear evidence on this issue. *See Baker*, 582 S.W.2d at 408–09. Repleading is not a part of the *Baker* procedures, and dismissal is proper if the court determines a prima facie meritorious defense has not been made out. *See Baker*, 582 S.W.2d at 409.

While the trial judge did state she was "dismissing the bill of review for failure to state a cause of action," the record of the hearing reflects she understood she was hearing a motion directed to the prima facie showing of a meritorious defense and not merely the sufficiency of the pleadings. *See Jones*, 85 S.W.3d at 490 n. 8 (although wording of trial court's order "unartful," appellate court could construe order on bill of review as dismissal where trial judge terminated proceeding on finding first element for bill of review not met). At the beginning of the hearing on the motion to dismiss, Mosley objected "[t]here is no such thing as a motion to dismiss for failure to state a claim under Texas law," and complained appellee should not be permitted to present evidence where the judge is to decide "whether our pleadings are sufficient to go to trial or not." The trial judge expressly rejected these arguments and made it clear she was deciding a motion to dismiss Mosley's bill of review. In response to Mosley's objections, the trial judge stated, "I disagree with you. I think they can have a motion to dismiss and I am going to allow them to take testimony." The trial judge gave Mosley's attorney the opportunity to continue the proceedings in order to obtain Mosley's testimony. Mosley's attorney did so.

At the continued hearing, Mosley's attorney elicited testimony from Mosley on the circumstances under which she signed the affidavits of relinquishment and regarding her ability to care for the children. After Mosley testified, her attorney argued Mosley was under duress when the affidavits were signed; she was misled as to the effect of the affidavits; she had meritorious defenses in that she was not seeing the children's father and had stopped using drugs; she was unaware she could appeal; and there was an official mistake by court personnel in not sending copies of the documents Mosley signed to her. Appellee's attorney argued there was no meritorious defense established; there was no evidence of extrinsic fraud; and Mosley was negligent.

The trial judge held a hearing and dismissed the case based on appellee's motion to dismiss Mosley's bill of review and not on appellee's special exceptions. The procedure followed by the trial judge was appropriate under *Baker*. We overrule Mosley's issues two and three.

### Dismissal of Bill of Review

Mosley complains the trial judge erred in dismissing her bill of review. She contends she had meritorious defenses, but was prevented from establishing them because appellee wrongfully induced her to sign the affidavits of relinquishment. In her petition for bill of review, she alleged:

> Sophia Mosley had meritorious defenses to the relief sought by Dallas County CPS in the underlying suit in that the conduct alleged by Dallas County CPS in support of its petition was untrue, and termination of her parental rights was not in the best interest of the children. Sophia Mosley signed the affidavits relinquishing her parental rights as the result of fraud, duress, or coercion, and was thereby prevented from presenting

her defenses. She was also prevented from presenting meritorious defenses by the failure of court personnel to provide her with copies of the decree or the affidavits she signed. Sophia Mosley's failure to assert her defenses was not the result of any negligence or fault on her part. Despite the exercise of due diligence, Sophia Mosley has no adequate remedy to challenge the decree other than by bill of review.

Mosley verified these allegations, filed an "affidavit in support of meritorious defense," and testified at the hearing on appellee's motion to dismiss the bill of review. In the affidavit, Mosley testified: (1) appellee investigated her because of false allegations that she was an unfit mother, made by the children's father in retaliation for her leaving him; (2) although she admitted to a case worker she had been using drugs, she had a job and was able to feed and care for the children and get them to school; (3) she had no knowledge the children's father had molested óne of the children and would have moved out sooner had she known; (4) another case worker told her she needed to find another place to live in order to get her children back, so she did find another place to live; (5) she has been treated for drug addiction and has not used drugs for a year; (6) she has not seen the children's father; and (7) she is attending college part-time, has a four-bedroom house where the children could live, and has a job offer.

At the hearing on the motion to dismiss her bill of review, Mosley testified about the circumstances surrounding her signing the affidavits relinquishing her parental rights: (1) on the day she signed the affidavits of relinquishment, she was brought to court from jail, wearing a "prison outfit," handcuffs, and shackles; (2) the attorney for appellee told her "she was going to into court and fight for the fact that I was in jail, and that there's no jury who was going to allow me to get my children with my being in jail;" (3) she understood she was assigning the rights to the five children to two of her adult daughters, not to appellee, and she would have visitation rights with the children; (4) she felt pressured to sign the documents; (5) when she was taken to court that day she had no intention of signing the papers, but she was very hurt, upset, and confused; (6) she did not read the documents; and (7) she was not given a copy of the documents or the court's order terminating her parental rights and did not know she had a right to appeal.

■ Under *Baker*, Mosley's proof must have been sufficient to establish her prima facie case that her defenses were not barred as a matter of law, and she would be entitled to judgment on retrial if no evidence to the contrary was presented to the court. *See Baker*, 582 S.W.2d at 408–09. Mosley did not establish a prima facie meritorious defense. Her proof regarding meritorious defenses addressed grounds that were not found by the trial judge in the termination proceeding. The Decree of Termination of which Mosley complains sets out the trial judge's findings that Mosley "knowingly executed an unrevoked or irrevocable affidavit of relinquishment of parental rights" as provided by the Texas Family Code, and that termination of the parent-child relationship between Mosley and the five named children was in the best interest of the children. *See* TEX. FAM.CODE ANN. § 161.001 (Vernon 2002). The Decree does not rely on any other allegations made by appellee for which Mosley's proof about treatment for drug addiction, education, and the other topics addressed in her affidavit would, if uncontroverted, entitle her to judgment on retrial. *See Baker*, 582 S.W.2d at 408–09.

■ Mosley's allegations of fraud, wrongful act, and official mistake do not alter this analysis. Those questions were not before the trial judge at the hearing on appellee's motion to dismiss Mosley's bill of review, and evidence bearing on those issues was not relevant. *See Elliott v. Elliott,* 21 S.W.3d 913, 919 (Tex.App.-Fort Worth 2000, pet. denied) (evidence of misrepresentations by opposing party relevant only to element of fraud or wrongful act, questions not before trial judge at preliminary hearing on meritorious defense). Finding no meritorious defense, the trial judge correctly dismissed Mosley's petition for bill of review. *See Baker,* 582 S.W.2d at 409.

■ Moreover, even if Mosley's fraud allegations that her affidavit of relinquishment was involuntary had been raised as a meritorious defense, they do not establish a prima facie right to judgment on retrial. Mosley alleges she was brought to court from jail, was told a jury would not rule in her favor because she was in jail, was worn down in the course of the day, was upset, did not read the documents, did not intend to relinquish her rights, and understood she was assigning her rights to her adult daughters. These allegations do not establish fraud or wrongful act on the part of appellee. *See S.A.S. v. Catholic Family Servs., Inc.,* 613 S.W.2d 540, 542 (Tex.Civ. App.-Amarillo 1981, no writ) (mother's evidence she did not understand papers she signed, did not feel well, and that appellee's representative talked with her for three or four hours at hospital after baby was born and told her papers had to be signed then or not at all, merely recited sequence of events and did not evidence fraud, misrepresentation, or overreaching). Mosley's allegations do not provide prima facie proof that appellee owed her a legal duty of disclosure, or committed any act, omission, or concealment in breach of that duty, "causing injury or the taking of an undue or unconscious advantage." *See and compare Jones,* 85 S.W.3d at 492 (teenaged mother under care of Department of Protective and Regulatory Services with several-year relationship of trust and confidence with Department was owed duty of complete disclosure by Department).

■ Because it is fundamentally important that some finality be accorded to judgments, a bill of review seeking relief from an otherwise final judgment is scrutinized by the courts "with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted." *Thompson v. Henderson,* 45 S.W.3d 283, 287 (Tex. App.-Dallas 2001, pet. denied) (citing *Montgomery v. Kennedy,* 669 S.W.2d 309, 312 (Tex.1984), and *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950)). Mosley's bill of review does not meet these strict grounds. We overrule Mosley's issue one.

We affirm the judgment of the trial court.