Opinion issued June 15, 2023



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00648-CV

———————————

## RAVEN SIMONE POPE, Appellant

## V.

## SHELLY MARIE PERRAULT F/K/A SHELLY MARIE MELANCON, Appellee

---

## On Appeal from the 300th District Court
### Brazoria County, Texas
### Trial Court Case No. 113216-F

---

## MEMORANDUM OPINION

This is an appeal of the trial court's denial of a bill of review. In a prior proceeding in a suit affecting the parent-child relationship, the trial court entered an order appointing appellee Shelly Marie Perrault f/k/a Shelly Marie Melancon

("Perrault") sole managing conservator of her grandson, who is the biological child of appellant Raven Simone Pope. The order appointed Pope possessory conservator of the child.

Pope filed a bill of review challenging the conservatorship appointment on several grounds. The trial court set a preliminary hearing for Pope to present prima facie proof of a meritorious defense to the prior suit. After the preliminary hearing before an associate judge and a subsequent de novo preliminary hearing before the trial judge, the trial court denied the bill of review and dismissed it in its entirety. In four issues, Pope argues that the trial court erred by denying her bill of review because: (1) the court ruled on issues outside the scope of the preliminary hearing, specifically her claim that she was not served with process in the prior proceeding; (2) the court exhibited bias and prejudice against some of her evidence; (3) she presented prima facie proof that Perrault lacked standing in the prior proceeding; and (4) she presented prima facie proof that Perrault did not overcome the presumption that it was in the child's best interest to have Pope—his mother—appointed as his conservator. We reverse and remand.

## Background

Pope gave birth to her second child, J.J.D. ("James"), in February 2018.[1] She was twenty years old at the time and had an older daughter, who is James's half-sibling. Perrault is James's paternal grandmother.

### A. SAPCR Proceeding

In May 2018, shortly after James was born, Perrault filed an original petition in a suit affecting the parent-child relationship ("SAPCR") requesting that she be appointed James's conservator. Her petition alleged that she had standing under Family Code section 102.004. The petition further stated that "[n]o service is necessary at this time" upon Pope.[2]

At the end of May, the court entered a temporary order appointing Perrault as the temporary sole managing conservator of James and appointing Pope as a temporary possessory conservator. The order stated that no party appeared in person for a hearing on the order but that Perrault and Pope had both agreed to the terms of the order as evidenced by their signatures on the order.

In August 2018, the court entered a final order appointing Perrault as James's sole managing conservator and appointing Pope as James's possessory conservator.

---

[1] We refer to J.J.D., who is a minor child, by a pseudonym to protect his privacy.

[2] Perrault also named James's father, Johnny Demease, as a respondent in the SAPCR proceeding. Demease died after the SAPCR proceeding concluded. He therefore was not a party to the bill-of-review proceeding, and he is not a party to this appeal.

3

This final order stated that Perrault did not appear in person for a hearing on the SAPCR petition but that she agreed to the terms of the order as evidenced by her signature. The order did not recite whether Pope had appeared or agreed to the order's terms, but her signature appeared below Perrault's signature on the order as "approved and consented to as to both form and substance."

Pope, proceeding pro se, filed a notice of appeal of the final order. The appellate record does not indicate the outcome of this appeal, although the parties' appellate briefs appear to agree that Pope did not pursue the appeal. Pope also filed an original answer and a motion for new trial.

The trial court held a hearing on Pope's motion for new trial. Pope appeared and proceeded pro se. She testified that child protective services ("CPS") was involved with the family when James was born, so she decided to allow James and her daughter to live with Perrault temporarily because it was her understanding that CPS would close its case if she did so. Pope also understood that once CPS closed its case, her children would be returned to her.

Pope also testified that, unbeknownst to her, Perrault had filed the SAPCR petition seeking to be appointed as James's conservator. Pope testified that she did not sign the temporary or final SAPCR orders. Rather, Perrault had presented Pope with a single blank page and requested that Pope sign it. Perrault represented to Pope that the signature was for a power of attorney. Pope signed the page without reading

4

it because she trusted Perrault. Perrault then allegedly used Pope's signature to indicate Pope's agreement to the terms of the SAPCR orders. A CPS caseworker eventually sent Pope the SAPCR orders she had purportedly signed, but Pope testified that she had never seen the documents before. After CPS closed its case, Perrault refused to return Pope's children, although Perrault had returned Pope's daughter by the time of the hearing on the motion for new trial.

At the end of the hearing, the trial court orally denied the motion for new trial. The court also signed a written order denying the motion. Pope subsequently retained counsel and filed a combined motion to vacate a void order and to dismiss. The appellate record does not show that the trial court ruled on this motion.

**B.    Bill of Review Proceeding**

On June 11, 2021, with the assistance of new counsel, Pope filed an original petition for bill of review in the SAPCR court. Pope's petition primarily alleged that she was not served with process in the SAPCR proceeding. She also alleged two meritorious defenses to the SAPCR proceeding: Perrault lacked standing, and Perrault did not overcome the presumption that awarding custody to a parent is in a child's best interest. Pope also alleged that Perrault had engaged in extrinsic fraud by using Pope's signature on the SAPCR orders. She further alleged that she was neither at fault nor negligent in having the orders entered.

5

Pope attached several documents to her petition. In a sworn affidavit, Pope averred that Perrault had her "sign a piece of paper with only my [Pope's] name on it, [Demease's] name, and her [Perrault's] name." No other sheets of paper were attached to the signature page, and Perrault represented that the signature would give Perrault the power of attorney for James. Pope further averred that she was only twenty years old at the time and "did not notice anything out of the ordinary or suspicious about this at the time." She later learned that Perrault had allegedly used her signature to indicate that Pope agreed to the temporary SAPCR order. In addition to her affidavit, Pope attached the original SAPCR petition, the temporary and final SAPCR orders, and her answer and motion for new trial in the SAPCR case.

Three days after Pope filed her petition for bill of review, the trial court entered an order setting "a preliminary hearing under *Baker v. Goldsmith*" for the express purpose of determining whether Pope "is able to make a prima facie showing of a meritorious defense to proceed to trial on the merits on the remaining grounds alleged" in her petition. *See* 582 S.W.2d 404, 408–09 (Tex. 1979) (outlining trial procedure and burdens of persuasion in bill-of-review proceeding). An associate judge presided over this hearing. At the beginning of the hearing, Pope's counsel stated that the purpose of the hearing "is specifically just to show the prima facie case in order to proceed to trial on the remaining Bill of Review grounds on fraud and lack of negligence, on the lack of service." Pope argued that she had three

6

meritorious defenses: her signature on the SAPCR order was obtained through fraud or forgery; Perrault lacked standing in the SAPCR proceeding; and Perrault did not meet her burden in the SAPCR proceeding to overcome the presumption that it was in James's best interest to have Pope, his mother, appointed as his managing conservator.

The only evidence admitted at this hearing was the transcript from the hearing on Pope's motion for new trial in the SAPCR case, which Perrault introduced without objection. At the end of the hearing, the associate judge took the matter under advisement. In a letter ruling, the associate judge recommended denial of the bill of review because Pope "failed to pursue her legal remedy of a direct appeal after her Motion for New Trial was denied" in the SAPCR proceeding.

Pope filed a motion requesting a de novo preliminary hearing before the trial court. The motion argued that the hearing before the associate judge was limited to the determination of whether Pope could present prima facie proof of a meritorious defense, but the associate judge's ruling concerning her pursuit of a direct appeal fell outside the scope of that hearing. The trial court granted the motion and set a date for a de novo hearing.

At the start of the de novo hearing, Pope stated the hearing was "limited in scope to specifically [] the issues of meritorious defenses." Pope made the same arguments she had made to the associate judge. She requested that the trial court take

judicial notice of the SAPCR proceeding, but the trial court did not respond. Pope also argued that she had obtained a report from a forensic handwriting analyst, which she had filed with the court. Perrault objected that the report was "outside of the scope of the *Baker* hearing," and the trial court sustained the objection.

At the end of the hearing, the trial court stated that it would "deny the bill of review" because "there has not been a sufficient showing of no default or negligence on [Pope's] part which contributed to the entry of those orders." The court additionally remarked that Pope's signatures "are all different" and expressed uncertainty about "how an expert can tell you which one was which." The trial court subsequently signed an order denying all relief and dismissing the bill of review in its entirety.[3] The order stated that the trial court took "judicial notice of all pleadings and contents contained in the Court's files[.]"

Pope filed a motion for new trial. She argued that the trial court erred by making findings outside the scope of a preliminary *Baker* hearing, violating her right to due process by converting the preliminary hearing into a trial on the merits without notice, expressing an opinion on the weight of the evidence concerning the

---

[3]   Pope filed a request for findings of fact and conclusions of law on November 17, 2021, more than twenty days after the trial court signed the judgment dismissing her bill of review on September 28, 2021. *See* TEX. R. CIV. P. 296 (requiring party to file written request for findings of fact and conclusions of law "within twenty days after judgment is signed"). The trial court did not file findings or conclusions. On appeal, Pope does not challenge the court's failure to file findings and conclusions.

handwriting analysis before she could offer the report into evidence, and concluding that she had not presented prima facie proof of a meritorious defense.

The trial court held a brief hearing on the motion for new trial. After Pope argued her motion, the trial court said that it "didn't make a determination that we were having a limited scope or an open, full-scope hearing." The court stated that Pope's remedy was by appeal and denied the motion for new trial. This appeal followed.

## Bill of Review

Pope challenges the dismissal of her bill of review in four issues on appeal. First, she contends that the trial court violated her right to due process by dismissing her bill of review after holding a preliminary *Baker* hearing that was limited in scope to considering whether she presented prima facie proof of a meritorious defense. She argues that her claim of non-service did not require prima facie proof to survive the preliminary hearing stage, and therefore the trial court erred by prematurely dismissing this claim. She also argues that the trial court erred to the extent it dismissed her remaining claims based on her failure to present prima facie proof of bill-of-review elements other than a meritorious defense.

In her second issue, which we discuss last, Pope argues that the trial court violated her right to due process by commenting on her expert handwriting analysis report. Pope argues that the comments exhibited judicial bias and prejudice.

In her third and fourth issues, Pope contends that she presented sufficient prima facie proof of two meritorious defenses: (1) Perrault's lack of standing, and (2) Perrault's failure to overcome the statutory presumption that it was in James's best interest to have his mother—Pope—appointed conservator.

## A. Standard of Review

Appellate courts review a trial court's ruling on a bill of review for abuse of discretion. *Joseph v. Jack*, 624 S.W.3d 1, 6 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *Woods v. Kenner*, 501 S.W.3d 185, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.). However, whether a petitioner has presented prima facie proof of a meritorious defense is a legal question that we review de novo. *Baker*, 582 S.W.2d at 408–09; *Ramsey v. State*, 249 S.W.3d 568, 574 (Tex. App.—Waco 2008, no pet.); *Mosley v. Dallas Cnty. Child Protective Servs. Unit of the Tex. Dep't of Protective & Regul. Servs.*, 110 S.W.3d 658, 661 (Tex. App.—Dallas 2003, pet. denied).

## B. Procedure for Bill of Review

A bill of review is an equitable proceeding to set aside a prior judgment that is no longer challengeable by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam); *Baker*, 582 S.W.2d at 406; *see* TEX. R. CIV. P. 329b(f) ("On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law."). A plaintiff seeking a bill of

review ordinarily must plead and prove: (1) a meritorious defense to the underlying cause of action; (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake; (3) unmixed with any fault or negligence on their own part.[4] *Caldwell*, 154 S.W.3d at 96. To invoke the trial court's equitable power, the petition must allege these elements factually and with particularity. *Baker*, 582 S.W.2d at 408.

## 1. Ordinary Procedure

Ordinarily, courts use a two-step inquiry when deciding a bill of review that is not based on a claim of non-service. *Id.* at 408–09; *Beck v. Beck*, 771 S.W.2d 141, 141–42 (Tex. 1989). This case solely concerns the first step.

Under the first step, prior to trial, the petitioner must present prima facie proof of a meritorious defense. *Baker*, 582 S.W.2d at 408. This usually occurs during a pretrial *Baker* hearing. *See id.*; *see also Maree v. Zuniga*, 502 S.W.3d 359, 365 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (stating that, prior to *Baker* hearing, trial court may consider and rule on other bill-of-review elements raised in summary judgment motion or in separate trial prior to deciding whether petitioner has prima

---

[4] A petitioner may also seek a bill of review when the parties participated at trial and the losing party was prevented from filing a motion for new trial or appeal because of the fraud, accident, or a wrongful act of the opposing party or official mistake unmixed with any fault or negligence on the petitioner's part. *Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 244–46 (Tex. 1974). Neither party argues that the *Petro-Chemical* standard applies in this case. We therefore assume without deciding that *Petro-Chemical* does not apply here.

facie proof of meritorious defense); *Ramsey*, 249 S.W.3d at 576 ("The *Baker* pretrial hearing is a 'suggested procedure' which a trial court may choose not to employ."). "This preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious 'full-blown' examination of the merits." *Baker*, 582 S.W.2d at 408. The "only relevant inquiry" in this pretrial determination "is whether the petitioner has presented prima facie proof of a meritorious defense." *Beck*, 771 S.W.2d at 142.

A petitioner presents prima facie proof of a meritorious defense by establishing that the defense is not barred as a matter of law and the petitioner would be entitled to judgment on retrial if no evidence to the contrary is offered. *Baker*, 582 S.W.2d at 408–09; *Maree*, 502 S.W.3d at 365. This is a question of law for the court to decide. *Baker*, 582 S.W.2d at 409. Prima facie proof may consist of documents, answers to interrogatories, admissions, and affidavits as well as "other evidence that the trial court may receive in its discretion." *Id.* The respondent may present evidence showing that the defense is barred as a matter of law, but factual disputes are resolved in favor of the petitioner for purposes of this pretrial determination. *Id.*

If the petitioner does not establish a prima facie meritorious defense, the court should dismiss the case after this first step. *Id.*; *see also Beck*, 771 S.W.2d at 142. If, however, the petitioner does establish a prima facie meritorious defense, then the

court should proceed to the second step: discovery and a trial on the merits of the bill of review.[5] *Baker*, 582 S.W.2d at 409; *Boateng v. Trailblazer Health Enters., L.L.C.*, 171 S.W.3d 481, 488 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). If the petitioner proves her entitlement to a bill of review, the parties revert back to their original status as plaintiff and defendant with the burden on the original plaintiff to prove her case. *Baker*, 582 S.W.2d at 407–08, 409.

### 2. Slightly Modified Procedure for Claim of Non-Service

When a bill-of-review petitioner alleges lack of service, the two-step *Baker* procedure is "slightly modified." *Caldwell*, 154 S.W.3d at 97. A petitioner alleging lack of service is relieved from proving the first and second elements of a bill of review as to that claim, i.e., that she has a meritorious defense and that she was prevented from asserting the defense by the fraud, accident, or wrongful act of her opponent or by official mistake. *Id.* at 96–97; *see Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86–87 (1988) (holding that meritorious-defense element of bill of review violates due process where petitioner had no notice of proceeding in which default judgment was rendered against petitioner). The petitioner must still prove the

---

[5]     In this context, "trial" contemplates the possibility of a summary judgment on the motion of a party. *Maree v. Zuniga*, 502 S.W.3d 359, 362 n.2, 365 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Boateng v. Trailblazer Health Enters., L.L.C.*, 171 S.W.3d 481, 488 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("The trial court had discretion to entertain cross-motions for summary judgment before conducting a *Baker* hearing.").

13

third and final element of a bill of review: the judgment was rendered unmixed with any fault or negligence on the petitioner's part. *Caldwell*, 154 S.W.3d at 97. This third element is conclusively established by proof that the petitioner was never served with process. *Id.* "Because proof of non-service conclusively negates a plaintiff's fault or negligence, then, the question of service is properly resolved at trial and not by the trial court in a pretrial proceeding if the material facts are disputed." *Id.*; *see Sozanski v. Plesh*, 394 S.W.3d 601, 604 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (stating that issue of lack of service is pure question of fact to be determined by factfinder).

Thus, for claims of non-service, the court should skip the first *Baker* step and proceed directly to trial under the second step:

> When a plaintiff claims lack of service, the trial court should: (1) dispense with any pretrial inquiry into a meritorious defense, (2) hold a trial, at which the bill of review plaintiff assumes the burden of proving that the plaintiff was not served with process, thereby conclusively establishing a lack of fault or negligence in allowing a default judgment to be rendered, and (3) conditioned upon an affirmative finding that the plaintiff was not served, allow the parties to revert to their original status as plaintiff and defendant with the burden on the original plaintiff to prove his or her case.

*Caldwell*, 154 S.W.3d at 97–98.

## C.    Preliminary *Baker* Hearings

In her first issue, Pope contends that the trial court erred by dismissing her claim of non-service and by dismissing her remaining claims on grounds other than

a lack of prima facie proof of a meritorious defense. She argues that at the preliminary *Baker* stage of the proceeding, the trial court was limited to determining whether she presented prima facie evidence of meritorious defenses on the claims other than her claim of non-service.

### 1. Notice and Scope of Preliminary Hearings

We first address the parties' dispute about whether the preliminary hearing was converted into a trial on the merits. Perrault does not dispute that the preliminary hearings before the associate judge and the trial court were noticed as preliminary *Baker* hearings for the express purpose of determining whether Pope could present prima facie proof of a meritorious defense. Instead, Perrault argues that Pope did not object to the admission of her prior testimony into evidence at the preliminary hearing before the associate judge, which thereby "opened the door" to consideration of the merits of all issues raised in Pope's bill-of-review petition.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Peralta*, 485 U.S. at 84 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). "Failure to give notice violates 'the most rudimentary demands of due process law.'" *Id.* (quoting *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965)).

15

The appellate record in this case shows that both hearings were noticed as preliminary *Baker* hearings. *See* 582 S.W.2d at 408–09; *see also Peralta*, 485 U.S. at 84 (stating that due process requires notice reasonably calculated to apprise interested parties of lawsuit and afford them opportunity to present objections). The notice for the first hearing before the associate judge expressly stated the hearing would be a "preliminary hearing under *Baker v. Goldsmith*" to determine whether Pope had prima facie proof of a meritorious defense.

Similarly, the notice of the de novo hearing before the trial court indicated that its purpose was to reconsider the preliminary issue of meritorious defenses. Although this notice did not express the purpose of the de novo hearing as clearly as the notice of the initial preliminary hearing, it granted Pope's motion requesting a de novo hearing, not a trial on the merits. Perrault does not argue on appeal that these notices constituted notice of a trial on the merits. We therefore conclude that the hearing notices apprised Pope only that the court was holding a preliminary *Baker* hearing, not a trial on the merits. *See Peralta*, 485 U.S. at 84.

Without citing any legal authority, Perrault nevertheless argues that the preliminary hearing before the associate judge was converted into a trial on the merits when Pope did not object to the introduction into evidence of her prior testimony from the motion for new trial hearing. According to Perrault, this "opened

16

the door to the trial court considering more than just a meritorious defense . . . ." We disagree.

Although Perrault correctly states that this prior testimony was admitted without objection, neither Perrault's argument on appeal nor the reporter's record clarifies the purpose for which Perrault introduced the evidence. The evidence was admitted during Perrault's argument disputing Pope's claim that Perrault obtained Pope's signature on the SAPCR orders by fraud or forgery. Although this claim primarily concerns the second element of a bill of review—whether fraud prevented Pope from asserting a meritorious defense in the SAPCR proceeding—it also concerns the meritorious defense element at issue in the preliminary hearing. As we discuss below, Pope argues that the trial court in the SAPCR proceeding did not hold a hearing or otherwise require Perrault to prove that she had standing to assert her claims or that she was entitled to the relief she sought. Thus, our review of the record indicates that the evidence was at least partially relevant to the issue of meritorious defenses.

In any event, "[t]he fact that a preliminary *Baker* hearing at times addresses irrelevant issues does not convert this preliminary hearing into a trial on the merits." *Boateng*, 171 S.W.3d at 491. Pope's allegations are largely intertwined among the various bill-of-review elements, and understanding her allegations requires some consideration of the other elements. Indeed, both parties' arguments relied on the

17

other elements to put the allegations into context. But discussing the other elements did not convert the preliminary hearings into a trial on the merits. *See id.*

The totality of Perrault's conduct at both preliminary hearings contradicts her argument on appeal that the first *Baker* hearing was converted into a trial on the merits. She did not object to or refute Pope's arguments that both *Baker* hearings were limited to the issue of meritorious defenses. To the contrary, Perrault objected twice during the de novo hearing on the ground that Pope was arguing outside the scope of a *Baker* hearing. Thus, Perrault's conduct at both hearings indicates her understanding of the limited nature of the preliminary hearing.

Finally, we note that the trial court "did not conduct the [de novo] hearing in accordance with the usual order of proceedings for a trial, which begins with the parties making opening statements followed by the introduction of evidence by the party 'upon whom rests the burden of proof on the whole case.'" *See Barnes v. Deadrick*, 464 S.W.3d 48, 58 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (quoting TEX. R. CIV. P. 265). We further note that both notices of the hearings provided less than the "reasonable notice of not less than forty-five days" required for trial of a contested case. *See* TEX. R. CIV. P. 245; *see Rodriguez v. Marcus*, 564 S.W.3d 216, 221 (Tex. App.—El Paso 2018, no pet.) ("The forty-five days' notice provision [in Rule 245] is mandatory.").

18

Contrary to Perrault's unsupported arguments on appeal, our review of the record shows that Pope was not put to her proof on the merits of her bill-of-review claims. *See Barnes*, 464 S.W.3d at 58. Therefore, we conclude that the preliminary hearings preceding dismissal of the bill of review in this case were limited to the first step in the *Baker* procedure: determining whether Pope presented prima facie proof of a meritorious defense. *See* 582 S.W.2d at 408–09; *see also Beck*, 771 S.W.2d at 142. To the extent the trial court dismissed the bill-of-review petition on a ground other than lack of prima facie proof of a meritorious defense, the trial court erred because it exceeded the scope of a preliminary *Baker* hearing.

### 2.      Claim of Non-Service

As stated above, a petitioner is not required to establish prima facie proof of a claim of non-service to proceed to trial on that claim. *Caldwell*, 154 S.W.3d at 97. When the material facts regarding non-service are disputed, the issue is a pure question of fact to be resolved by the trier of fact. *Id.*; *Sozanski*, 394 S.W.3d at 604. Thus, for claims of non-service, the court should skip the first *Baker* step—a showing of prima facie proof of a meritorious defense—and proceed to trial. *Caldwell*, 154 S.W.3d at 97. From our conclusion above that the hearings were preliminary *Baker* hearings, it necessarily follows that the non-service claim was not ripe for dismissal. *See id.*

Perrault argues on appeal that Pope did not prove her non-service claim at the *Baker* hearing and urges that the Court must give "proper deference" to "the trial court's resolution of historical facts and conflicts in testimony." We decline to do so. Perrault's contention that the trial court resolved facts and conflicting evidence confirms that genuine issues of material fact exist concerning the non-service issue. Therefore, the issue presents a pure question of fact to be decided by the factfinder, not by the trial court at a preliminary *Baker* hearing. *See id.*; *Sozanski*, 394 S.W.3d at 604. We hold that the trial court abused its discretion by dismissing Pope's claim of non-service at the preliminary *Baker* stage of this bill-of-review proceeding. *See Joseph*, 624 S.W.3d at 6 (stating that trial court abuses its discretion by acting without reference to guiding rules or principles).

### 3.    Remaining Claims

Pope next argues that her right to due process was violated because findings by the associate judge and the trial court were outside the scope of the *Baker* hearing, and therefore the findings could not support dismissal of her remaining claims. Specifically, she challenges the associate judge's statement in a letter ruling that the bill of review should be dismissed because Pope "failed to pursue her legal remedy of a direct appeal after her Motion for New Trial was denied" in the SAPCR proceeding. She also challenges the trial court's comment during the de novo preliminary hearing that the court would "deny the bill of review" because "there

20

has not been a sufficient showing of no default or negligence on [Pope's] part which contributed to the entry of those orders" in the SAPCR proceeding.

In a case tried without a jury, "any party may request the court to state in writing its findings of fact and conclusions of law." TEX. R. CIV. P. 296. "Findings of fact shall not be recited in a judgment." TEX. R. CIV. P. 299a. Findings of fact filed by the court "shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein." TEX. R. CIV. P. 299. In the absence of written findings of fact and conclusions of law, the trial court's judgment must be affirmed if it can be upheld on any legal theory supported by the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984) (per curiam); *Barnes*, 464 S.W.3d at 55.

In this case, the record shows that the trial court did not file findings of fact or conclusions of law after it entered judgment dismissing the bill of review. Pope filed a request for findings and conclusions, but it appears that the request was not timely. *See* TEX. R. CIV. P. 296 (stating that party's request for findings of fact and conclusions of law "shall be filed within twenty days after judgment is signed"); *Howe v. Howe*, 551 S.W.3d 236, 243 (Tex. App.—El Paso 2018, no pet.) (stating that untimely request for findings and conclusions waives party's right to complain of trial court's failure to prepare findings and conclusions). Regardless of the timeliness of the request, however, Pope does not raise any issue on appeal concerning the trial court's failure to file findings of fact and conclusions of law.

21

Instead, she challenges only the associate judge's statement in the letter ruling and the trial court's comments from the bench.

The associate judge's statement in the letter ruling does not constitute a finding that is reviewable on appeal. After the associate judge entered the order, Pope filed a request for a de novo hearing before the trial court specifying that she sought consideration of all issues considered by the associate judge. *See* TEX. FAM. CODE § 201.015(a), (b) (providing that any party may request "de novo hearing before the referring court" by specifying issues to be presented to court). The trial court granted the request and held a de novo hearing. Because Pope filed a timely request for a de novo hearing, the associate judge's order did not become an order of the referring trial court. *See id.* § 201.013(b). The trial court could consider the record from the hearing before the associate judge, *see id.* § 201.015(c), but the de novo hearing was "a new and independent action on those issues raised" in the request for a de novo hearing. *See In re R.R.*, 537 S.W.3d 621, 622–23 (Tex. App.—Austin 2017, no pet.) (citation omitted). Thus, the statements in the associate judge's letter ruling do not constitute findings that are reviewable on appeal.

Furthermore, the trial court's comments from the bench also do not constitute findings or conclusions that are reviewable on appeal. It is well established that oral comments from the bench cannot substitute for written findings of fact and conclusions of law. *In re Jane Doe 10*, 78 S.W.3d 338, 340 n.2 (Tex. 2002); *In re*

22

*W.E.R.*, 669 S.W.2d at 716; *Haining v. Haining*, No. 01-08-00091-CV, 2010 WL 1240752, at \*15 (Tex. App.—Houston [1st Dist.] Mar. 25, 2010, pet. denied) (mem. op.).

Because the trial court did not file findings and conclusions, we must affirm the trial court's judgment on any legal theory that is supported by the evidence. *See In re W.E.R.*, 669 S.W.2d at 717; *Barnes*, 464 S.W.3d at 55. In subsequent issues, Pope argues that the trial court erred to the extent it dismissed her claims other than her non-service claim for lack of prima facie proof of meritorious defenses. Because the meritorious-defense issues were the only issues properly before the trial court when it dismissed the bill of review, these are the only grounds that can properly support the trial court's judgment. A lack of prima facie proof of a meritorious defense is an independent ground that would properly support the dismissal of Pope's claims other than the non-service claim. We therefore cannot conclude that the trial court abused its discretion by dismissing these claims on alternate grounds. We discuss the meritorious-defense issues below.

Most of Perrault's arguments on appeal address these alternate grounds for dismissal. For example, she argues that Pope's failure to file a direct appeal from the SAPCR proceeding constitutes a negligent act, and therefore Pope cannot prevail on a bill of review. Perrault further argues that Pope's allegations of fraud concern intrinsic fraud, which cannot support a bill of review. However, in a pretrial *Baker*

23

hearing, "the only relevant inquiry is whether the petitioner has presented prima facie proof of a meritorious defense." *Beck*, 771 S.W.2d at 142 (reversing court of appeals' decision affirming trial court's dismissal of bill of review after *Baker* hearing on ground other than lack of prima facie proof of meritorious defense); *Maree*, 502 S.W.3d at 366–67 (reversing trial court's dismissal of bill of review based on petitioner's failure to prove at *Baker* hearing that judgment was rendered unmixed with any fault or negligence on petitioner's part). "A bill-of-review proceeding . . . may not be summarily dismissed for a reason other than the failure to make a prima facie showing of a meritorious claim or defense." *Ramsey*, 249 S.W.3d at 577. Therefore, we do not consider Perrault's arguments concerning the other elements of a bill of review.

We sustain Pope's first issue to the extent she argues that the trial court erred by dismissing her claim of non-service at the preliminary *Baker* stage of the bill-of-review proceeding. We overrule the remainder of her first issue.

**D.  Prima Facie Proof of Meritorious Defenses**

In her third and fourth issues, Pope argues that the trial court erred by dismissing her bill of review on her two remaining claims for lack of prima facie evidence of a meritorious defense. Specifically, Pope argues that she presented prima facie proof that Perrault lacked standing to bring the SAPCR proceeding and that Perrault did not overcome the presumption that it was in James's best interest to

24

have his mother (Pope) appointed as his conservator over a non-parent (Perrault). These two issues challenge fundamental aspects of the SAPCR proceeding: Perrault's authority to initiate the SAPCR proceeding and her entitlement to the relief which she sought and was awarded. We review these issues of law de novo. *See, e.g.*, *Baker*, 582 S.W.2d at 408–09; *Ramsey*, 249 S.W.3d at 574; *Mosley*, 110 S.W.3d at 661.

### 1. Lack of Standing

In her third issue, Pope contends that Perrault lacked standing under three sections of the Family Code: section 102.003(a)(9) and subsections (a)(1) and (a)(2) of section 102.004. Pope argues that the trial court did not determine the threshold issue of standing in the SAPCR proceeding.

Standing is implicit in the concept of subject-matter jurisdiction, and it is a threshold issue in a child custody proceeding. *Rolle v. Hardy*, 527 S.W.3d 405, 415 (Tex. App.—Houston [1st Dist.] 2017, no pet.). "Subject matter jurisdiction is never presumed and cannot be waived." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Ordinarily, "standing is based on the existence of certain facts, not the existence of certain proof." *Rolle*, 527 S.W.3d at 415 (quoting *In re K.D.H.*, 426 S.W.3d 879, 884 (Tex. App.—Houston [14th Dist.] 2014, no pet.)); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004) (holding that, in determining issue of subject-matter jurisdiction, courts

25

construe pleadings liberally in plaintiff's favor and consider relevant evidence submitted by parties when necessary to resolve jurisdictional issue).

The Legislature has, however, set forth a different standard when questions of standing impact a parent's right to make decisions about how to best care for her children free from interference by nonparents. *Rolle*, 527 S.W.3d at 415; *see also Troxel v. Granville*, 530 U.S. 57, 68, 72–73 (2000) (recognizing presumption that fit parents act in best interests of their children and holding that absent evidence parent is not fit, Due Process Clause protects parental decisions from interference by state courts and other government officials). In a child custody suit, "[a] party seeking relief must allege and establish standing within the parameters of the language used in the statute." *Compton v. Pfannenstiel*, 428 S.W.3d 881, 885 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (quoting *In re McDaniel*, 408 S.W.3d 389, 397 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding)).

As a meritorious defense to the SAPCR proceeding, Pope's bill-of-review petition alleged that Perrault had the burden to establish standing in the SAPCR proceeding, but she lacked standing under Family Code sections 102.003(a)(9) and 102.004(a). Perrault does not dispute that these allegations met Pope's burden to allege standing as a meritorious defense. *See Baker*, 582 S.W.2d at 408.

Pope attached several documents to her petition. Relevant here, Pope attached Perrault's SAPCR petition alleging that Perrault had "standing to bring this suit in

26

that pursuant to Section 102.004 of the Texas Family Code, . . . the order requested is necessary because the child's present circumstances would significantly impair the child's physical [] health or emotional development." This allegation references standing under section 102.004(a)(1). *See* TEX. FAM. CODE § 102.004(a)(1). Perrault's SAPCR petition did not, however, mention or allege standing under either section 102.004(a)(2) or section 102.003(a)(9). The petition broadly cited to section 102.004(a), but subsection (a)(2) applies only if the parent filed or consented to the suit. *See id.* § 102.004(a)(2). The petition does not contain any allegation that Pope filed or consented to the SAPCR suit.

Perrault had the burden in the SAPCR proceeding to allege the basis of her standing and, to the extent she alleged standing under section 102.004, to provide "satisfactory proof" of her standing. *See Rolle*, 527 S.W.3d at 416; *Compton*, 428 S.W.3d at 885; TEX. FAM. CODE § 102.004(a). Because Perrault's SAPCR petition failed to allege either section 102.003(a)(9) or section 102.004(a)(2) as bases for standing, the SAPCR petition is prima facie proof—if not conclusive proof—that Perrault lacked standing under either of these two sections. *See Baker*, 582 S.W.2d at 408–09 (stating that petitioner presents prima facie proof of meritorious defense by establishing defense is not barred as matter of law and petitioner will be entitled to judgment on retrial if no contrary evidence is offered).

Perrault's SAPCR petition alleged section 102.004(a)(1) as the sole basis for standing. Section 102.004(a)(1) provides:

> In addition to the general standing to file suit provided by Section 102.003, a grandparent . . . may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that:
>
> (1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development . . . .

TEX. FAM. CODE § 102.004(a)(1). A party seeking grandparent standing under section 102.004 is thus statutorily required to establish standing with "satisfactory proof." *Id.* § 102.004(a); *Compton*, 428 S.W.3d at 885; *see Rolle*, 527 S.W.3d at 416 (stating that section 102.004(a) is unusual because Legislature conferred standing on certain parties based on existence of proof rather than pleading of facts). "Satisfactory proof" is proof established by a preponderance of the evidence as the facts existed at the time the suit was filed. *Compton*, 428 S.W.3d at 885. If a plaintiff fails to establish standing, then the trial court must dismiss the suit. *Id.*

Pope's bill-of-review petition attached the temporary and final orders in the SAPCR proceeding. The relevant portions of both of these orders are substantially similar. The temporary order states that the trial court heard the application for temporary orders, neither Perrault nor Pope appeared in person, and Perrault and Pope had agreed to the terms of the order as evidenced by the signatures appearing on the order. The final order similarly states that the trial court heard the case,

28

Perrault did not appear in person, and Perrault had agreed to the terms of the order as evidenced by her signature. Notably, however, the final order did not state whether Pope appeared or agreed to the terms of the order, although her purported signature appears on the order.

Neither order shows that Perrault presented any evidence of standing. *See id.* (stating that section 102.004(a) requires "satisfactory proof" of standing). Rather, the orders indicate that the trial court entered the orders based on Pope's purported agreement to their terms. The problem, however, is that Perrault did not allege consent as a basis for standing or provide satisfactory proof of her standing under section 102.004(a)(2). Standing cannot be waived by agreement of the parties. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–44.

On their face, these orders are prima facie proof that Perrault did not meet her burden to present satisfactory proof to the court that the orders were necessary because James's then-present circumstances would significantly impair his physical health or emotional development. *See* TEX. FAM. CODE § 102.004(a)(1); *Compton*, 428 S.W.3d at 885 (stating that "satisfactory proof" in section 102.004(a) is proof by preponderance of evidence as facts existed when suit was filed). Standing is not a defense that is barred as a matter of law, and these orders establish that Pope would be entitled to judgment on a retrial of the SAPCR proceeding if Perrault offered no evidence to the contrary. *See Baker*, 582 S.W.2d at 408–09. Because Perrault had

29

the burden to plead and prove standing in the SAPCR proceeding, a lack of evidence of standing on retrial would entitle Pope to dismissal of the SAPCR proceeding. Accordingly, we conclude that Pope presented prima facie proof of lack of standing in the SAPCR proceeding.

On appeal, Perrault points to a CPS document as satisfactory proof that the SAPCR orders were necessary because James's then-present circumstances would significantly impair his physical health or emotional development.[6] *See* TEX. FAM. CODE § 102.004(a)(1). However, at the preliminary bill-of-review stage, factual disputes are resolved in favor of Pope, and Perrault was limited to presenting proof that the defense was barred as a matter of law. *See Baker*, 582 S.W.2d at 409. The CPS document does not show that the defense was barred as a matter of law. At best, the document raises a fact issue concerning whether Perrault presented satisfactory proof of her standing.

We conclude that Pope presented prima facie proof that Perrault lacked standing under section 102.004(a)(1). Therefore, we hold that the trial court erred by dismissing the bill of review on this claim. We sustain Pope's third issue.

---

[6]     This document was introduced into evidence at a hearing on a motion for new trial in the SAPCR proceeding, which occurred after the trial court entered both SAPCR orders. Perrault does not argue or show that either document was before the trial court when it entered the orders.

30

## 2. Failure to Overcome Parental-Custody Presumption

In her fourth issue, Pope argues that the trial court erred by dismissing her second meritorious defense: Perrault did not overcome the presumption that it was in James's best interest to have Pope, his mother, appointed as his managing conservator. Pope's arguments are similar to those she raised for standing. That is, Pope contends that the trial court did not hold an evidentiary hearing or a trial on the merits in the SAPCR proceeding, and therefore Perrault could not have presented evidence to overcome the presumption. Perrault does not address this issue on appeal.

The United States Constitution "protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *In re C.J.C.*, 603 S.W.3d 804, 807 (Tex. 2020) (orig. proceeding) (quoting *Troxel*, 530 U.S. at 66). Both the United States Supreme Court and the Texas Supreme Court have recognized a presumption that fit parents act in their children's best interest. *Troxel*, 530 U.S. at 68; *In re C.J.C.*, 603 S.W.3d at 807. Thus, when a court is called upon to determine conservatorship between a parent and a nonparent, "a presumption exists that appointing the parent as the sole managing conservator is in the child's best interest; this presumption is deeply embedded in Texas law." *In re F.E.N.*, 542 S.W.3d 752, 769 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (citation omitted); *accord In re C.J.C.*, 603 S.W.3d at 812.

31

The presumption is codified in the Family Code:

> [U]nless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child.

TEX. FAM. CODE § 153.131(a); *see In re C.J.C.*, 603 S.W.3d at 812–13 (stating that section 153.131(a) is "a statutory parental presumption applicable to original custody determinations"). Section 153.131(a) "creates a parental preference by placing the burden on the non-parent seeking conservatorship to establish that the parent's appointment would result in significant impairment to the child." *In re F.E.N.*, 579 S.W.3d 74, 77 (Tex. 2019) (per curiam) (denying petition for review).

For substantially similar reasons as those discussed above concerning standing, we conclude that Pope presented prima facie proof that Perrault did not overcome the parental-preference presumption that would entitle Perrault, the grandmother, to be appointed as James's conservator over Pope, the mother. As discussed above, both SAPCR orders indicated that the trial court believed the case to be an agreed case, and therefore the trial court entered the orders without holding an evidentiary hearing or otherwise requiring Perrault to present proof to overcome this presumption. Perrault bore the burden on this issue in the SAPCR proceeding. *See id.* If Perrault offered no evidence to the contrary on retrial of the SAPCR case, Pope would be entitled to judgment because Perrault did not meet her burden to rebut

32

the parental-preference presumption. *See Baker*, 582 S.W.2d at 408–09; *Maree*, 502 S.W.3d at 365. We hold that the trial court erred by dismissing the bill of review on this ground. We sustain Pope's fourth issue.

## E.    Evidentiary Issue

Finally, in her second issue, Pope argues that the trial court violated her right to due process by making prejudicial and biased comments about an expert handwriting analysis of Pope's signatures on the SAPCR orders.

In the de novo preliminary hearing before the trial court, Pope attempted to rely on an expert report from a forensic handwriting analyst to support her claims that her signatures on the SAPCR orders were obtained by Perrault's fraud or forgery. The report had been filed with the court, but Perrault objected to consideration of the report on the ground that it was outside the scope of the *Baker* hearing. The trial court sustained the objection. At the end of the hearing, the court stated:

> And I have two signatures, if not more in the current pleadings. I'm not a handwriting expert; but just looking at them, they are all different. I don't know how an expert can tell you which one was which. And there are enough differences on all of them for there to be—everybody has different signatures.

To preserve error for appellate review, the record must show that the complaining party made a timely objection to the trial court stating the specific grounds for the complaint. TEX. R. APP. P. 33.1(a)(1)(A). A party's failure to object

33

can waive even errors involving constitutional rights. *In re J.B.*, 605 S.W.3d 650, 656 (Tex. App.—Houston [1st Dist.] 2020, no pet.). The Texas Supreme Court has held that an "objection to a trial court's alleged improper conduct or comment must be made when it occurs if a party is to preserve error for appellate review, unless the conduct or comment cannot be rendered harmless by proper instruction." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam); *see State v. Wilemon*, 393 S.W.2d 816, 818 (Tex. 1965). Because Pope did not object to the trial court's comments when they were made, Pope has not preserved this claim of error for review. *See* TEX. R. APP. P. 33.1(a)(1); *Dow Chem.*, 46 S.W.3d at 241; *In re M.J.M.*, 406 S.W.3d 292, 299–300 (Tex. App.—San Antonio 2013, no pet.) (concluding that party's failure to object to trial judge's remarks when made waived appellate review of those remarks).

But even if Pope had not waived this complaint, we have already reversed the entirety of the trial court's judgment dismissing the bill of review. A favorable ruling on this issue would not provide Pope any greater relief, and therefore a decision on this issue is not "necessary to final disposition of the appeal." *See* TEX. R. APP. P. 47.1. On remand, the trial court may consider the admissibility of the expert report if Pope chooses to introduce it into evidence. We overrule Pope's second issue.

**Conclusion**

We reverse the trial court's judgment dismissing Pope's bill of review and remand for further proceedings.


April L. Farris
Justice

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.