**Opinion issued February 13, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00062-CV

_____

**JENNIFER NICOLE COMPTON, Appellant**

**V.**

**TAMMY PFANNENSTIEL AND TIMOTHY REED, Appellees**

---

**On Appeal from the County Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Case No. 05-FD-0608**

---

## O P I N I O N

In this dispute over the conservatorship of two children, the trial court appointed their mother, father, and maternal grandmother as joint managing conservators, further designating the grandmother as the person with the right to designate the children's place of residence. The mother appeals, contending that

that the trial court erred in (1) finding that her mother (the children's grandmother) has standing to assume joint conservatorship; (2) appointing the grandmother as the conservator with the exclusive right to determine the children's primary residence; and (3) excluding testimony regarding the grandmother's decision not to seek custody of a third child. Finding no error, we affirm.

## Background

At the September 2012 final hearing to determine conservatorship, Tammy Pfannenstiel, the children's grandmother, appeared and sought conservatorship of J.R. and B.R., the children. Jennifer Compton, the children's mother—and Pfannenstiel's daughter—also sought conservatorship, and she challenged Pfannenstiel's standing to seek it. Timothy Reed, the children's father, appeared and testified. Reed agreed to Pfannenstiel's joint conservatorship and the trial court's order determining the children's visitation schedule.

Pfannenstiel testified that Compton uses and sells drugs, places J.R. and B.R. in dangerous situations, neglects them, does not adequately feed or care for them, and does not meet their medical needs. Pfannenstiel further testified that Compton had been arrested four times during the previous six months. A police detective for the City of Santa Fe testified and confirmed the arrests, including three for driving without a valid license and one for possession of a controlled substance. At the September 2012 final hearing to determine conservatorship,

2

Tammy Pfannenstiel testified that Jennifer Compton sells drugs, places J.R. and B.R. in dangerous situations, neglects J.R. and B.R., does not adequately feed or care for J.R. and B.R., and does not meet J.R. and B.R.'s medical needs. Pfannenstiel further testified that Compton had been arrested four times during the previous six months. Teresa Brewer, J.R. and B.R.'s paternal grandmother, also testified that Compton neglected J.R. and B.R.

Reed testified that Compton was not a fit mother, and did not adequately feed the children. When the children visited him, they exhibited signs that they had not been fed, and would hide food. He and Compton never married, but shared a drug problem, and he was incarcerated for burglary for four years. He testified that he could not physically take care of the children. He believed that the children "would be better in a stable environment" and Pfannenstiel's conservatorship of the children "is necessary." Two school counselors testified that they shared the concern that Compton was not meeting the children's nutritional needs, and that the boys had an excessive number of school absences.

Compton's sister and father testified on Compton's behalf. They denied that Compton had a drug problem and neglected the children, but acknowledged her lack of employment and housing. Compton briefly testified as well, and denied that the children were underfed or neglected; she invoked her Fifth Amendment right and refrained from testifying about the drug possession charge. The ad litem

for the children reported to the trial court that the children desired to live with their grandmother because she provided safe shelter and food.

The trial court awarded joint conservatorship of J.R. and B.R. to Pfannenstiel, together with Compton and Timothy Reed. *See* TEX. FAM. CODE ANN. § 153.131 (West 2008). The trial court designated Pfannenstiel as the joint conservator with the exclusive right to determine J.R. and B.R.'s primary residence, within Galveston County and counties contiguous to it. *See id.* § 153.134(b)(1). The court ordered that Compton's visitation with J.R. and B.R. be supervised for at least the first three months. Reed, the children's father, approved of the trial court's conservatorship arrangement.

Compton complained on appeal that the trial court did not file findings of fact and conclusions of law in support of its conservatorship order. To address this complaint, we abated the appeal, whereupon the trial court promptly supplemented the record with the following:

> [T]he children's mother, Jennifer Compton, is unfit to serve as the children's sole managing conservator, or to have the children in her primary care, custody, or control. More specifically, the Court finds that Jennifer Compton is unfit because of her ongoing drug use and abuse, extreme recent neglect of the children [who are the] subjects of this suit, as well as her recent physical and verbal mistreatment of the children . . . that she had been arrested four times in the last six months, that she has not been able to hold a job; that she had no valid vehicle operator's license; and that she is guilty of driving while her vehicle operator's license was suspended.

4

In its findings, the trial court quoted from the testimony of both grandmothers about the children's living conditions while in their mother's custody, describing that testimony as "compelling" support for its rulings.

## Discussion

### I. Standing

Compton first challenges her mother's standing to seek and obtain managing conservatorship over the children; she contends that the trial court erred in awarding managing conservatorship to a grandparent, over a mother's objection.

*Standard of Review*

A party's standing to seek relief is a question of law that we review de novo. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). In our review, we consider the evidence in a light favorable to the trial court's ruling. *In re McDaniel*, 408 S.W.3d 389, 397 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding). In a child custody suit, "[a] party seeking relief must allege and establish standing within the parameters of the language used in the statute." *Id.* (quoting *Smith v. Hawkins*, No. 01-09-00060-CV, 2010 WL 3718546, at *2 (Tex. App.—Houston [1st Dist.] Sept. 23, 2010, pet. denied) (mem. op.)). A party that seeks grandparent standing in a suit affecting the parent-child relationship is statutorily required to establish standing with "satisfactory proof." TEX. FAM. CODE ANN. § 102.004(a) (West 2008). "Satisfactory proof" is proof

5

established by a preponderance of the evidence as the facts existed at the time the suit or intervention was filed. *McDaniel*, 408 S.W.3d at 397. If a plaintiff fails to establish proper standing, then the trial court must dismiss the suit. *Id.*

*Analysis*

A grandparent has standing to request the managing conservatorship of a child if the trial court finds that conservatorship is necessary because, otherwise, "the child's present circumstances would significantly impair the child's physical health or emotional development." TEX. FAM. CODE ANN. § 102.004(a)(1) (West 2008). At the hearing, Pfannenstiel proffered evidence of Compton's drug use, recent criminal arrests, and extreme neglect of her children during the preceding eight months. Reed and his mother concurred in the proposed conservatorship arrangement. Because the record supports the trial court's finding that the children's present circumstances would significantly impair their physical health and emotional development, it did not err in concluding that their maternal grandmother had standing to seek to become a joint managing conservator of the children. *See id.*

Compton responds that Pfannenstiel decided not to seek immediate modification of the trial court's temporary orders in the case, and observes that the trial court had denied Pfannenstiel's initial request for grandparent conservatorship eight months earlier. According to Compton, the trial court's decision on the

temporary orders, and Pfannenstiel's decision not to seek modification of them sooner, demonstrates that the children's environment was not harmful while they were in her primary care. We disagree. Compton's neglect and mistreatment of her children during the period following entry of those orders significantly impaired the children's physical health and emotional development, commensurate with the standard required for Pfannenstiel to gain the standing to seek grandparent conservatorship at the final hearing.

## II. Exclusion of evidence

Compton also challenges the trial court's decision to exclude testimony related to conservatorship of another of her children, W.M. Reed is not the father of W.M. Compton claims that the trial court should have admitted additional evidence about her mother's decision not to seek conservatorship of that child. Compton, however, did not preserve this contention for appellate review.

To preserve any complaint against a trial court's exclusion of evidence, the complaining party must demonstrate the substance of the excluded evidence through an offer of proof or bill of exception unless the substance of the evidence is apparent from the context. TEX. R. EVID. 103(a)(2); *see also Sink v. Sink*, 364 S.W.3d 340, 347 (Tex. App.—Dallas 2012, no pet.); *Fletcher v. Minn. Mining & Mfg. Co.*, 57 S.W.3d 602, 606 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *Akukoro v. Akukoro*, No. 01-12-01072-CV, 2013 WL 6729661, at *6 (Tex. App.—

7

Houston [1st Dist.] 2013, no pet.) (mem. op.) ("While the reviewing court may sometimes be able to discern from the record the general nature of the evidence and the propriety of the trial court's ruling, it cannot, without an offer of proof, determine whether exclusion of the evidence was harmful.").

Compton neither made an offer of proof before the trial court nor filed a bill of exception. The testimony relating to Pfannenstiel's decision about W.M.'s conservatorship is limited:

> Compton's attorney: Okay. Are you concerned about the health, safety and welfare of [W.M.]?
>
> Pfannenstiel: Definitely.
>
> Compton's attorney: You haven't asked for custody of [W.M], have you?
>
> Pfannenstiel: No. I do not have standing to go after him.
> . . .
>
> Compton's attorney: You haven't asked for custody of [W.M.], have you?
>
> Pfannenstiel: No, not at this time.
>
> Compton's attorney: Okay. Do you think you have standing to ask for custody of [W.M.]?
>
> Pfannenstiel: I do not under the law. I know what I am told.

The trial court thereafter sustained Pfannenstiel's relevancy objections, ending Compton's inquiry. Compton contends further evidence about the decision was relevant because Pfannenstiel would have sought custody of W.M., too, if Pfannenstiel sincerely believed that the children's circumstances impaired their

8

physical health or emotional development. Compton, however, did not demonstrate the substance of Pfannenstiel's excluded testimony; the limited record regarding the stricken testimony belies Compton's assertion that Pfannenstiel would have testified that Compton was a fit mother to W.M. We hold that Compton has failed to preserve her evidentiary challenge.

## III. Conservatorship

Beyond standing, Compton further contends that the trial court's appointment of her mother as a joint managing conservator of Compton's children is an abuse of its discretion, because parents are presumptively the managing conservators of their children.

*Standard of review*

Trial courts have wide discretion with respect to conservatorship, control, possession, and visitation matters involving the child. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). We review a trial court's decision on conservatorship matters for an abuse of discretion, and reverse the trial court's order only if we determine, from reviewing the record as a whole, that the trial court's decision was arbitrary and unreasonable. *Patterson v. Brist*, 236 S.W.3d 238, 239–40 (Tex. App.—Houston [1st Dist.] 2006, pet. dism'd) (citing *Turner v. Turner*, 47 S.W.3d 761, 763 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). A court abuses its discretion if it acts without reference

9

to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

*Analysis*

A trial court must appoint a child's parents to be joint managing conservators, or one parent as the sole managing conservator, unless it concludes that "appointment of the parent or parents would not be in the best interest of the child, because the appointment would significantly impair the child's physical health or emotional development." TEX. FAM. CODE ANN. § 153.131 (West 2008). It is unsettled whether the statute applies to the appointment of a non–parent in addition to both parents. We hold that it does; in the ordinary case, parents should be free from legal interference in the parent–child relationship. The statute reflects this principle. *See Critz v. Critz*, 297 S.W.3d 464, 471 (Tex. App.—Fort Worth 2009, no pet.) (holding that statute applies "when a non–parent seeks managing conservatorship in lieu of or in addition to both parents."); *In re De La Pena*, 999 S.W.2d 521, 534–35 (Tex. App.—El Paso 1999, no pet.) (holding that statute applies when trial court jointly appoints non–parent and parent as managing conservators and designates non–parent as conservator with exclusive right to determine child's primary residence).

The evidence in this case satisfies the statutory threshold, including evidence of Compton's drug use, recent criminal arrests, and extreme neglect of her children

10

while in her care; the trial court reasonably could find that the record demonstrated significant impairment of the children's health and emotional development. The father acceded to the necessity of the grandparent conservatorship in the children's interest. We hold that the trial court was within its discretion in naming a grandparent as a joint managing conservator to protect the children's physical health and emotional development.

## Conclusion

We hold that the trial court did not abuse its discretion in appointing Pfannenstiel as a joint managing conservator with the exclusive right to determine the children's primary residence. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.