

**IN THE
TENTH COURT OF APPEALS**

**No. 10-23-00011-CV**

**IN THE INTEREST OF G.D.L., A CHILD**

**From the County Court at Law
Navarro County, Texas
Trial Court No. C22-30681-CV**

**MEMORANDUM  OPINION**

In three issues in this case involving the custody of G.D.L., appellant, Marcus D'Shaun Lewis, challenges the trial court's denial of his motion to set aside a default judgment granted in favor of Carneisha Stewart.  We reverse and render.

**Background**

Marcus was married to Shaneen Corina Lewis.  Shaneen and Marcus had a child, G.D.L.  At some point, Shaneen filed for divorce in the 256th District Court of Dallas County, Texas.  On May 20, 2019, the 256th District Court signed a default final decree of divorce granting the divorce and noting that Marcus had been served but did not respond

to the divorce petition. Shaneen was appointed sole managing conservator of G.D.L., and Marcus was appointed possessory conservator of G.D.L.

On March 27, 2021, Shaneen passed away. Marcus asserted in the trial court that he had sole and continuous possession of G.D.L. from March 27, 2021, until October 9, 2022. Nevertheless, on September 29, 2021, Carneisha Stewart, the maternal aunt of G.D.L., filed a petition to modify the parent-child relationship in the 256th District Court. Carneisha also filed a motion to transfer venue to Navarro County, Texas, noting that the child has resided in Navarro County for the preceding six months. The record includes citations for the petition to modify and the motion to transfer venue. Both citations also include an officer's return indicating that Marcus was personally served with both documents on March 25, 2022. Despite being personally served, Marcus did not respond to either document.

On July 19, 2022, the associate judge for the 256th District Court signed an order transferring the suit affecting the parent-child relationship to Navarro County. The suit was assigned to the County Court at Law of Navarro County with a new trial court cause number.

On October 5, 2022, the County Court at Law of Navarro County conducted a hearing on Carneisha's petition to modify the parent-child relationship. In its order signed on October 6, 2022, the trial court noted that Marcus had been properly served, yet "did not appear and wholly made default." As a result of the trial court's October 6,

2022 order, Carneisha was appointed the sole managing conservator of G.D.L., and Marcus was once again appointed possessory conservator of G.D.L.

On October 24, 2022, Marcus filed a motion to set aside the trial court's October 6, 2022 order, arguing that he failed to respond to Carneisha's petition because he mistakenly believed that Carneisha had abandoned or withdrawn her lawsuit for sole managing conservatorship of G.D.L., that Carneisha had committed extrinsic fraud by failing to withdraw her lawsuit and by providing a false address for her residence, and that Carneisha lacked standing to bring her lawsuit for conservatorship of G.D.L.

After a hearing, the trial court denied Marcus's motion to set aside the default judgment on January 9, 2023. This appeal followed.

**Standing**

We note at the outset that we have granted several motions for extension of time filed by Carneisha. She has had more than 180 days to file her appellee's brief, yet no appellee's brief has been filed. When the appellee fails to file an appellate brief, we nevertheless review the merits of the appellate issues to determine whether reversal of the trial court's ruling is warranted. *Yeater v. H-Town Towing LLC*, 605 S.W.3d 729, 731 (Tex. App.—Houston [1st Dist.] 2020, no pet.). The appellee's failure to respond to appellant's brief does not automatically entitle appellant to a reversal. *Sullivan v. Booker*, 877 S.W.2d 370, 373 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

In his first and second issues, Marcus contends that Carneisha did not show that she has standing to seek a modification of the parent-child relationship under Chapter 102 of the Texas Family Code, and thus the trial court lacked subject-matter jurisdiction to render the default judgment in Carneisha's favor and should have granted his motion to set aside instead. We agree.

"Standing is implicit in the concept of subject-matter jurisdiction, and it is a threshold issue in a child custody proceeding." *Rolle v. Hardy*, 527 S.W.3d 405, 415 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *see In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). Standing, like other issues implicating a court's subject-matter jurisdiction, is a question of law that we review de novo. *In re H.S.*, 550 S.W.3d at 155; *see Rolle*, 527 S.W.3d at 415.

In ordinary circumstances, "standing is based on the existence of certain facts, not the existence of certain proof." *In re K.D.H.*, 426 S.W.3d 879, 884 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004) (holding that to determine whether a plaintiff in a civil case has alleged facts demonstrating a court's jurisdiction, we construe pleadings liberally in the plaintiff's favor and consider relevant evidence when necessary to resolve the jurisdictional question). However, when questions of standing impact a parent's right to decide how to best care for his child free from interference from non-parents, the Texas Legislature has enacted a different standard. *Rolle*, 527 S.W.3d at 415; *see In re L.D.F.*, 445 S.W.3d 823, 829 (Tex. App.—El Paso 2014, no pet.) ("[T]he jurisdictional requirement of standing

helps ensure that a parent's constitutional rights are not needlessly interfered with through litigation." (internal quotation omitted)).

Texas confers standing to bring a suit affecting the parent's child relationship ("SAPCR") to people who meet the Family Code's statutory framework. *See In re K.D.H.*, 426 S.W.3d at 883 (noting that when standing is conferred by statute, the statute itself serves as the framework for a standing analysis); *see also In re H.S.*, 550 S.W.3d at 155 (recognizing standing to bring SAPCR is governed by statute). A person has standing to request modification of a conservatorship if, when she filed her petition, she would have standing to bring an original SAPCR under Chapter 102 of the Texas Family Code. TEX. FAM. CODE ANN. § 156.002(b).

Section 102.004(a) of the Texas Family Code provides that:

[A] grandparent, or another relative of the child related within the third degree of consanguinity, may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that:

(1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development; or

(2) both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit.

*Id.* § 102.004(a). "Satisfactory proof" has been held to mean "proof established by a preponderance of the evidence as the facts existed at the time the suit or intervention was filed." *Compton v. Pfannenstiel*, 428 S.W.3d 881, 885 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see Mauldin v. Clements*, 428 S.W.3d 247, 263 (Tex. App.—Houston [1st Dist.] 2014,

no pet.) ("In a family law case, when the petitioner is statutorily required to establish standing with 'satisfactory proof,' the evidentiary standard is preponderance of the evidence."). The burden of proof is on the petitioner asserting standing. *See Rolle*, 527 S.W.3d at 417; *see also Compton*, 428 S.W.3d at 885.

In her petition to modify the parent-child relationship, Carneisha mentioned the following regarding the need for modification:

> The order to be modified is not based on a mediated or collaborative law settlement agreement. The circumstances of the child, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified.
>
> Petitioner believes that the parties will enter into a written agreement containing provisions for modification of the order providing for conservatorship of the child.
>
> Petitioner believes that the parties will enter into a written agreement containing provisions for modification of the order providing for possession of and access to the child.
>
> The requested modification is in the best interest of the child.

There is no proof in this record that modification of the parent-child relationship to designate Carneisha as the sole managing conservator was necessary because Marcus's behavior or conduct significantly impaired the child's physical health or emotional development. *See In re L.D.F.*, 445 S.W.3d at 830 (noting that a petition must show by a preponderance of the evidence that "some specific, identifiable behavior or conduct" of the parents would probably cause significant impairment to the child's physical health

or emotional development); *Mauldin*, 428 S.W.3d at 263; *see also* TEX. FAM. CODE ANN. § 102.004(a)(1). In fact, besides a conclusory statement that modification is in the best interest of G.D.L., Carneisha did not present evidence addressing G.D.L.'s physical health or emotional development. *See Rolle*, 527 S.W.3d at 420 (stating that a non-parent cannot meeting the standing burden with evidence showing that she would be a better custodian of the child, that she has a strong and ongoing relationship with the child, or that the parent would not have been a proper custodian in the past); *see also Mauldin*, 428 S.W.3d at 263. Rather, the purpose for modification, as expressed in the Carneisha's petition, is that the parties purportedly intended to enter into a written agreement regarding conservatorship.

Based on this record, the trial court could not reasonably conclude that a modification was "necessary because the child's present circumstances would significantly impair the child's physical health or emotional development." TEX. FAM. CODE ANN. § 102.004(a)(1). We therefore hold that Carneisha failed to establish her standing to seek modification of conservatorship of G.D.L.; thus, the trial court lacked jurisdiction to act on her petition. And because the evidence demonstrated that Marcus's failure to answer Carneisha's modification suit was due to an accident or mistake, Marcus provided a meritorious defense, and because granting relief will occasion no undue delay or otherwise injure Carneisha (who did not have standing to bring suit in the first place), we conclude that the trial court abused its discretion by denying Marcus's motion to set

aside the default judgment. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam) (stating that we review a ruling on a motion to set aside a default judgment under an abuse-of-discretion standard); *see also Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939) (noting that to set aside a default judgment, a defendant must show: (1) the failure of the defendant to answer was not intentional or the result of conscious indifference on his part, but was due to accident or mistake; (2) the motion sets up a meritorious defense; and (3) granting the motion will occasion no undue delay or otherwise injure the party taking the default judgment). Accordingly, we sustain Marcus's first and second issues.

## Attorney's Fees

In his third issue, Marcus asserts that because the trial court erred by denying his motion to set aside the default judgment, he is entitled to recover his attorney's fees and costs.

We review the award of attorney's fees in a SAPCR for an abuse of discretion. *See In re M.A.N.M.*, 231 S.W.3d 562, 567 (Tex. App.—Dallas 2007, no pet.) ("A trial court has broad discretion to award reasonable attorney's fees in a SAPCR."). We will not reverse a trial court's judgment on attorney's fees in a SAPCR absent a clear showing of abuse of discretion. *In re A.C.J.*, 146 S.W.3d 323, 327 (Tex. App.—Beaumont 2004, no pet.).

"Texas has long followed the 'American Rule' prohibiting fee awards unless specifically provided by contract or statute." *MBM Fin. Corp. v. Woodlands Operating Co.*,

*L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). There are two statutory provisions authorizing attorney's fees in modification suits. *See* TEX. FAM. CODE ANN. §§ 106.002, 156.005; *see also Tucker v. Thomas*, 419 S.W.3d 292, 296-97 (Tex. 2013). In arguing that he is entitled to recover his attorney's fees, Marcus relies solely on section 106.002 of the Texas Family Code. TEX. FAM. CODE ANN. § 106.002.

Section 106.002 of the Texas Family Code affords trial courts general discretion to award attorney's fees in all suits affecting parent-child relationships, including modification suits. *See id.* It provides: "In a suit under this title, the court *may* render judgment for reasonable attorney's fees . . . to be paid directly to an attorney." *Id.* § 106.002(a) (emphasis added); *see Tucker*, 419 S.W.3d at 296.

In its order signed on October 6, 2022, the trial court stated that "attorney's fees are to be borne by the party who incurred them." The trial court also did not assess attorney's fees in its order denying Marcus's motion to set aside the October 6, 2022 order. Marcus appears to argue that he should be awarded his attorney's fees simply because the October 6, 2022 order should be set aside. However, Marcus fails to consider that section 106.002 affords the trial court broad discretion in awarding attorney's fees. *See* TEX. FAM. CODE ANN. § 106.002(a); *see also Tucker*, 419 S.W.3d at 296. Section 106.002 does not impose a mandatory duty on the trial court to award attorney's fees. *See* TEX. FAM. CODE ANN. § 106.002(a). Moreover, it is noteworthy that in granting Carneisha relief in the October 6, 2022 order, the trial court ordered the parties to pay their own attorney's

fees. Based on our review of the record and Marcus's arguments on appeal, we cannot say that Marcus has demonstrated a clear abuse of discretion by the trial court in its attorney's fees award. Accordingly, we overrule Marcus's third issue.

## Conclusion

We reverse the trial court's order denying Marcus's motion to set aside the default judgment and the default modification order signed on October 6, 2022, and render judgment dismissing Carneisha's action for want of jurisdiction.


STEVE SMITH
Justice


Before Chief Justice Gray,
      Justice Johnson,
      and Justice Smith
(Chief Justice Gray concurs without a note.)
Reversed and rendered
Opinion delivered and filed August 30, 2023
[CV06]

