Opinion issued March 24, 2026



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00751-CV

————————————

**WILLIE BUTLER, Appellant**

**V.**

**JANICE TAYLOR, Appellee**

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-54628**

---

## MEMORANDUM OPINION

Willie Butler appeals from the trial court's final judgment in divorce proceedings between him and Janice Taylor. On appeal, he argues that the trial court erred by failing to issue findings of fact and conclusions of law. He also

argues that the trial court erred in dividing property, deciding conservatorship and possession of the children, and awarding child support. We affirm.

## Background

Taylor filed for divorce from Butler after six years of marriage. They had three children together. Butler counter-petitioned for divorce a year later. The case proceeded to a two-day bench trial. Both parties, the children's therapist, and a neighbor testified. The trial court's judgment decided conservatorship, possession, and child support. It also divided property between them. Butler appeals.

## Findings of Facts and Conclusions of Law

Butler complains that the trial court deprived him of the ability to pursue a meaningful appeal when it failed to issue findings of fact and conclusions of law. We hold that Butler has waived this complaint on appeal.

In a case tried without a jury, any party may request, within 20 days after the judgment is signed, that the trial court file written findings of fact and conclusions of law. TEX. R. CIV. P. 296. The court should file its findings and conclusions within 20 days of a timely request. TEX. R. CIV. P. 297. If a trial court fails to issue timely findings of facts and conclusions of law following a party's timely request, the requesting party must file a "Notice of Past Due Findings of Facts and Conclusions of Law" within 30 days of its original request. *Id.* When the requesting party fails to timely file a notice of past-due findings and conclusions, it

2

waives the right to complain on appeal about the trial court's failure to find them. *S-G Owners Ass'n, Inc. v. Sifuentes*, 562 S.W.3d 614, 619 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

The trial court signed the final divorce decree on June 25, 2024. On July 8, 2024, Butler filed his request for findings of fact and conclusions of law. The trial court did not issue findings or conclusions. On August 14, 2024, Butler filed his notice of past due findings and conclusions. Because the record does not reflect that Butler timely filed a notice of past due findings of fact and conclusions of law as required by Rule 297, this appellate complaint is waived. *S-G Owners Ass'n*, 562 S.W.3d at 619 (holding failure to file notice of past-due findings and conclusion waives right to complain on appeal about trial court's failure to file them); *Guillory v. Boykins*, 442 S.W.3d 682, 694 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding appellate complaint regarding trial court's failure to file findings of fact and conclusions of law was waived where past-due notice was filed 83 days late).

We overrule appellant's issue related to the trial court's failure to make findings of fact and conclusions of law.

## Property Division

Butler argues that the trial court erred by "dividing the marital estate in a manner that disproportionately favored [Taylor], without properly considering the

contributions and circumstances of the parties." Specifically, he argues that the trial court erred in classifying a residential property as Taylor's separate property.

## A.    Applicable Law and Standard of Review

In a divorce decree, the trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE § 7.001. Each spouse bears the burden to present sufficient evidence of the value of the community estate to enable the trial court to make a just and right division. *Kelly v. Kelly*, 634 S.W.3d 335, 348 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *Fuentes v. Zaragoza*, 555 S.W.3d 141, 162 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

We review the trial court's rulings on the division of property for abuse of discretion. *Kelly*. 634 S.W.3d at 348. The trial court has wide latitude in dividing the community estate, and we presume that the court properly exercised its discretion. *Fuentes*, 555 S.W.3d at 162. To establish a clear abuse of discretion, the complaining party must show that the trial court acted arbitrarily or unreasonably and without reference to any guiding principles. *McCartney v. McCartney*, 720 S.W.3d 789, 797 (Tex. App.—Houston [14th Dist.] 2025, no pet.). When, as here, no findings of fact or conclusions of law were filed, it is implied that the trial court made all the findings necessary to support its judgment. *Worford v. Stamper*, 801

4

S.W.2d 108, 109 (Tex. 1990) (per curiam); *McShane v. McShane*, 556 S.W.3d 436, 440 (Tex. App.—Houston [1st Dist.] 2018, pet. denied).

**B.    Analysis**

**1.    Townhome**

Butler complains that the trial court erred by classifying a townhome on Yorktown Meadow Lane as Taylor's separate property.

The classification of property as either separate or community property is determined by its character at the inception of title. *Goode v. Garcia*, No. 01-20-00143-CV, 2021 WL 6015296, at *5 (Tex. App.—Houston [1st Dist.] Dec. 21, 2021, no pet.) (mem. op.). A spouse's separate property consists of (1) the property owned or claimed by the spouse before the marriage; (2) the property acquired by the spouse during marriage by gift, devise, or descent; and (3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage. TEX. CONST. art. 16, § 15; TEX. FAM. CODE § 3.001; *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140 (Tex. 1977) ("The nature of property is fixed by the Texas Constitution, and not by what is 'just and right.'"). Community property consists of the property, other than separate property, acquired by either spouse during the marriage. TEX. FAM. CODE § 3.002. The trial court lacks authority to divest a spouse of separate property. *Pearson v. Fillingim*, 332 S.W.3d 361, 364 (Tex. 2011) (per curiam).

At trial, Taylor testified that she purchased the townhome before she dated or married Butler. She continued to pay the mortgage, including after they married. Taylor said that sometime after they were married, Butler paid off the mortgage on the property. Taylor testified that she considered Butler's payment a gift. She said that Butler wanted to pay off the rest of the townhome so that she would not have debt. Butler did not provide controverting evidence regarding when Taylor purchased the townhome. Butler testified that he paid $105,000 toward the mortgage in 2016 and that he did so because he wanted the family to be debt free.

In a bench trial, the trial court is the finder of fact and the sole judge of the witnesses' credibility and the weight to be given their testimony. *Townsend v. Vasquez*, 569 S.W.3d 796, 808 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). We defer to the factfinder's determination of the credibility of the witnesses and the weight to accord their testimony. *Id.* The uncontroverted evidence at trial established that Taylor purchased the townhome before marriage. The trial court did not err in classifying it as her separate property. TEX. FAM. CODE § 3.001(1) (stating separate property consists of property owned by the spouse before marriage).

### 2. Reimbursement

To the extent Butler argues that the $105,000 paid toward the mortgage on the townhome was his separate property, and therefore he is entitled to

6

reimbursement from the community estate, Butler did not meet his burden to show by clear and convincing evidence that the funds were his separate property. Separate property will retain its character through a series of exchanges so long as the spouse asserting separate ownership can overcome the community property presumption by tracing the assets on hand back to property that, because of its time and manner of acquisition, is separate in character. *Kelly*, 634 S.W.3d at 355 (citing *Boyd v. Boyd*, 131 S.W.3d 605, 612 (Tex. App.—Fort Worth 2004, no pet.)). Butler did not provide any evidence to the trial court to show that the $105,000 was his separate property. Any doubt concerning the character of property should be resolved in favor of the community estate. *Id.* The trial court did not err by declining to classify the $105,000 as Butler's separate property.

***

We overrule Butler's issue related to the division of property.

**Conservatorship**

Butler also complains about the trial court's conservatorship determinations. Specifically, he argues that the trial court's order for possession of the children deprives him from "shared custody without any valid and legal basis." He argues that "by depriving [him] of his right for shared custody, the trial court failed to prioritize the children's best interests." Relatedly in another section of the brief,

7

Butler argues that the expanded standard possession order is "unreasonable" and not in the children's best interest.

Trial courts have wide discretion with respect to conservatorship, control, possession, and visitation matters involving children. *Compton v. Pfannenstiel*, 428 S.W.3d 881, 886 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007)). We review a trial court's decision on conservatorship matters for an abuse of discretion, and reverse the trial court's order only if we determine, from reviewing the record as a whole, that the trial court's decision was arbitrary and unreasonable. *Compton*, 428 S.W.3d at 886. In family law cases in which the appellate standard of review is abuse of discretion, legal and factual sufficiency of the evidence are not independent grounds for asserting error, but are instead relevant factors in assessing whether the trial court abused its discretion. *Kelly*, 634 S.W.3d at 346.

### 1. Joint Managing Conservators

Contrary to Butler's argument on appeal, the trial court did not "deprive" him of "shared custody." The trial court named both parents as joint managing conservators of the children. Following evidence that the parties were unable to communicate to make decisions jointly, the court awarded Taylor the right to determine the children's residence within Fort Bend Independent School District after consultation with Butler. The court also gave Taylor the right to make

medical and psychological treatment decisions for the children after consultation with Butler.

While Butler appears to challenge the sufficiency of the evidence to support the trial court's conservatorship decisions, he does not cite any portion of the record or make any specific arguments to support the conservatorship issues. To present an issue to this Court, a party's brief must contain, among other things, a clear and concise argument for the contentions made with appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1(i). When a party fails to adequately brief a complaint, he waives that issue on appeal. We will not search the record for evidence that Butler did not cite in his appellate brief, nor will we speculate as to substance of the specific issues Butler claims we must address. *See Lohmann v. Sanchez*, No. 01-19-00984-CV, 2021 WL 3043415, at *4 (Tex. App.—Houston [1st Dist.] July 20, 2021, pet. denied) (mem. op.). We hold that Butler's arguments about the trial court's decision to make the parents joint managing conservators is inadequately briefed.

### 2. Expanded Standard Possession Order

As to Butler's challenge regarding possession of the children, the court gave Butler access to the children under an expanded standard possession order. The order gave Butler the right of possession on the first, third, and fifth weekends of the month from Friday school dismissal until 6 p.m. on Sunday. The order also

9

gave him expanded access during the school year every Thursday after school until school begins on Friday.

Chapter 153, Subchapter F of the Texas Family Code sets out a "Standard Possession Order." The standard possession order is rebuttably presumed to provide reasonable minimum possession of a child for a parent named as a joint managing conservator and to be in the best interest of a child. TEX. FAM. CODE § 153.252. Further, under section 153.317, if elected by a conservator and in the best interest of the children, the trial court shall expand the standard possession to provide additional alternative times of possession of the child. *Id.* § 153.317(a). In this case, the court ordered Thursdays during the school year. *See id.* § 153.317(a)(2).

In determining whether an abuse of discretion exists because the evidence is legally or factually insufficient to support the trial court's decision, we consider whether the trial court had sufficient information upon which to exercise its discretion and whether it erred in its application of that discretion. *Kelly*, 634 S.W.3d at 346.

Butler has not shown that the evidence was legally or factually insufficient to support the trial court's implied findings regarding best interest of the children and possession times. Butler has not demonstrated that the trial court lacked sufficient information upon which to exercise its discretion or that the trial court

10

erred in its application of that discretion. *Id.* He does not articulate how the trial court's ruling was arbitrary or unreasonable. We conclude that Butler has not met his burden to show that the trial court abused its discretion by entering an expanded possession schedule.

We overrule Butler's issue related to conservatorship and possession.

## Child Support

Butler argues that the trial court's child support award is erroneous. He argues that the judgment was based on incomplete financial information from Taylor and seeks reconsideration of the trial court's child support award. He claims the judgment was obtained through "fraud, duress, or mistake."

A trial court has discretion to set child support within the Family Code guidelines, and a reviewing court will not reverse absent a clear abuse of discretion. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). When, as here, there are no findings of fact or conclusions of law, it is implied that the trial court made all the findings necessary to support its judgment. *Worford*, 801 S.W.2d at 109; *McShane*, 556 S.W.3d at 440.

On appeal, Butler argues that the trial court's child support calculations are erroneous, but he has not specified how the evidence is legally or factually insufficient to support the trial court's child support findings. Butler has not demonstrated that the trial court lacked sufficient information upon which to

11

exercise its discretion or that the trial court erred in its application of that discretion. We conclude that Butler has not met his burden to show that the trial court abused its discretion in deciding child support. We overrule this issue.

## Conclusion

We affirm the trial court's judgment. All pending motions are denied.


Susanna Dokupil
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.